### E. M. SANDERSON V. THE STATE.

No. 10116.   Delivered April 14, 1926.

Rehearing denied October 27, 1926.

#### 1.—Embezzlement—Continuance—Properly Refused.

Where appellant requested a continuance where his case was called for trial, on the ground that he had been denied a private consultation before his trial with his counsel, and it appeared that when his counsel had called at the jail to see him, that a jail guard remained near and refused to permit him to talk to his counsel privately, and it was not shown that the jailer, district attorney, or the court was appealed to, and no injury to him made to appear, a reversal of his case will not be authorized, notwithstanding his legal right to confer with his counsel privately.

#### ON REHEARING.

#### 2.—Same—Charge of Court—Charge as a Whole Considered.

Where appellant complains of one paragraph of the court's charge,

which, if considered alone might appear insufficient, if other paragraphs correct the deficiencies in the paragraph complained of, no error is presented. The charge as a whole is considered, and appellant's objections to paragraph three, in the light of paragraph two of said charge present no reversible error. Distinguishing Pope v. State, 170 S. W. 150.

### 3.—Same—Rights of Counsel—Cannot Be Abridged.

The right of counsel to privately interview his client for the purpose of advising him, and making preparations for his trial is recognized and has been jealously guarded in this state, and if denied, it is the duty of counsel, when the case is called for trial, to apply for a postponement to secure such an interview with his client, and if such interview discloses to counsel any fact material to the defense theretofore unknown to him, he should then ask for a continuance, in order to properly prepare the case for trial. The mere denial of the right, where no injury is shown nor proper efforts made to secure the right, does not warrant a reversal of the case. Following Turner v. State, 91 Tex. Crim. Rep. 827, and Welk v. State, 285 S. W. 914.

Appeal from the District Court of Wilbarger County. Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for embezzlement; penalty two years in the penitentiary.

The opinion states the case.

*Eugene F. Mathis* of Wichita Falls, for appellant. On court's charge as being on the weight of the evidence, appellant cites:

Jackson v. State, 32 S. W. 900.
Pearce v. State, 32 S. W. 697.
Kellog v. State, 124 S. W. 958.
Kirk v. State, 32 S. W. 1045.
Redwine v. State, 213 S. W. 636.
Chadwick v. State, 232 S. W. 842.

*Sam D. Stinson,* State's Attorney; *Robert M. Lyles,* Assistant State's Attorney, and *J. A. Storey,* District Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Wilbarger County of embezzlement, punishment fixed at two years in the penitentiary.

The facts seem ample to support the conviction. Appellant filed a motion to continue the case, based apparently upon the sole proposition that he had not been permitted to have a private interview with his counsel. It appears from said motion that appellant was imprisoned under the indictment herein on October 27, 1925, and remained in jail until the date of this trial,

to-wit: November 5th of said year; that he obtained counsel three days before the date of his trial, said counsel living at Wichita Falls, in a neighboring county; that said counsel went to Vernon on the 4th of November, and on three occasions that afternoon talked to appellant in the jail. It is set up that at these interviews the jailer remained within a few feet of where appellant and his counsel were talking and that they were unable to go over the merits of defendant's case. It is further set up that said jailer refused to let appellant's counsel confer privately with him. The bill of exceptions complaining of this matter is qualified by the statement that the person seen by appellant's counsel on his visits to the jail was a jail guard, and that the jailer was not seen, nor was any request made either of the court or district attorney for instructions to permit the appellant's counsel to have a private interview with him.

It may be necessary for the orderly conduct of our jails that certain rules be made regarding visits to prisoners, and who may give permits to persons to see such prisoners; and the statement that neither appellant nor his counsel ever applied to the jailer, or to the court or to the district attorney, for permission to have a private talk with appellant, seems without dispute. It is obvious from the motion that appellant was not denied the privilege of a consultation with his attorney. It is true that the privilege of a private consultation is also one which should be accorded, and if it be shown by any kind of testimony, or be a fair conclusion from the showing made, that the accused has been denied the right of counsel or the right to a private interview with such counsel, the case might be different. Where there is no showing of an effort on the part of appellant or his counsel to see persons in authority in order that a private interview, if desired, may be had between them, and especially where there is no showing of any injury, this court will not reverse.

No effort was made by appellant to procure any witnesses in this case, nor is it shown that by having a private interview the names of any persons desired as witnesses could have been ascertained or suggested; nor is there any showing that there was any defense which could have been interposed in this case with which appellant's counsel could have been made familiar or aware by a private interview. It was stated by appellant's counsel in the presentation of this case to this court that he was accorded a private interview with his client before announcing ready for trial.

Occurrences of this kind are to be regretted and should be avoided, but this court cannot punish society by the reversal of

cases unless there is some showing of possible injury in the
improper matter complained of.

We have carefully considered the exceptions taken by appel-
lant to the court's charge, but fail to find anything therein
deemed by us erroneous. The complaint of the action of the
court in regard to the grand jury is without merit.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We did not deem it necessary to discuss
at length appellant's exceptions to paragraph three of the charge
of the court. Paragraph two of said charge is as follows:

"You are charged herein that before you can find the defend-
ant, E. M. Sanderson, guilty of the offense of embezzlement, you
must find, beyond a reasonable doubt: (1) That the defendant
was the agent of the corporation, as alleged, and that by the
terms of his employment he was charged with receiving the
property of his principal. (2) That he did so receive property
belonging to his principal. (3) That he received such property
in the course of his employment. (4) That he embezzled, mis-
applied or converted it to his own use."

In said paragraph three, to which exceptions were addressed,
the jury was told that if they found that appellant while agent
of the South Vernon Oil Company did fraudulently misapply,
etc., certain property belonging to said company of the value of
more than fifty dollars, which had come into his possession by
virtue of his being agent of said company, they should find him
guilty, etc. In addition to this, the court gave a special charge
asked by appellant instructing the jury that before they could
convict they must find from the evidence that appellant was
such agent and charged with the duty of receiving the prop-
erty described in the indictment; that said property belonged
to said company, and was received by him in the course of his
employment, and was misapplied and converted by him, etc.
The charge as a whole is not, we think, open to the complaint
that it assumes as true facts which were in issue, and that Pope
v. State, 170 S. W. 150, and other authorities to which we are
referred do not apply.

In the concluding sentence of the first paragraph of our origi-
nal opinion we referred to a qualification to bill of exception
No. 1. Our attention is called to the fact that this purported
qualification is a notation signed by the District Attorney. The
facts therein stated are in no way verified by the trial judge.

We overlooked this in considering the bill. Counsel is correct in his contention that this notation should not be considered as part of the bill. It remains to be determined whether the bill presents such matter as calls for a reversal in the absence of the notation. The term of court at which this case was tried adjourned on the 28th day of November. Appellant's application which is made the basis of bill of exception No. 1 was filed on November 5th, the day upon which the case was called for trial. The application is not one for postponement, requesting that counsel be given an opportunity to talk privately with appellant and thereby prepare for trial, but is a request for continuance because prior thereto the jailer had declined to let counsel have a private conversation with accused. He had talked to him on three occasions in the jailer's presence. The right of counsel to have a private interview with one accused of crime, for the purpose of advising him and making preparation for trial, has been recognized and jealously guarded, as is apparent from the opinions in Turner v. State, 91 Tex. Cr. R. 827, 241 S. W. 162, and authorities therein cited, and in Welk v. State, Tex. Cr. R. ——, 265 S. W. 914. Having been deprived of the opportunity of a private interview with accused up to the time of the trial, if counsel had then made application for postponement in order that he might have such interview, and after such interview had presented application for a further postponement (or continuance if the facts justified it) to secure witnesses necessary to support a defense which had come to his knowledge during the private interview, we would have a situation similar to that presented in Turner's case (supra), upon which appellant seems to chiefly rely. In that case the sheriff had declined to permit accused's counsel to interview him privately, although the court had ordered him to do so, and no such private interview was had until the day before the case was called for trial. When the case was called accused requested a postponement upon the ground that by such delay he would be able by description to identify persons whose names he did not know, but with whom he claimed to have talked, and whose evidence was believed to be material to his defense; that this information would enable his attorney to identify the witnesses and secure their attendance. After discussing generally the rights of one accused of crime to have the benefit of counsel in advising and preparing the case for trial (and the principles there announced are here reaffirmed), the opinion concludes in the following language:

"In the instant case, from the time of their incarceration until the day before the trial, the appellants were, by the officer who

had them in custody, denied the privilege of a conference with their counsel as contemplated by the laws of the land. When they finally had the opportunity of revealing to their counsel that there was evidence which would support their testimony to the effect that they were innocent, their motion to postpone the trial for a reasonable time was a request which, under the facts, in our judgment, the trial court was not warranted in refusing."

From Welk's case (supra) we take the following quotation:

"Arbitrary refusal to allow one accused of crime the right to confer with counsel would merit and should receive severe condemnation, and if on appeal such fact be shown, and that a postponement or continuance for the purpose of consultation was refused, we think the case should be sent back for another trial."

It is further said in Welk's case:

"However, neither before the trial nor at any time during its progress was a motion presented to the trial court to delay the case, upon the ground that the denial of conference with appellant had rendered it impracticable for counsel to make the necessary preparations for trial, save as it related to the issue of process for witnesses, which, as before stated, was unavailable because said witnesses were produced in court."

In Welk's case appellant was also complaining because he had been denied a private interview with his attorney, but the application for continuance was based upon the absence of three witnesses process for whom had been delayed in issuing because of a failure up to that time to have such private interview. These witnesses appeared in court and therefore the matter complained of passed out of the case, but counsel still insisted that the judgment should be reversed because of the prior refusal of the officer to grant the interview. Upon this point we said, "If he is right about this, then exactly the same point would be available if this alleged wrongful act had occurred six months before the trial of the case." So in the present instance, if appellant had requested a postponement of the trial in order that he might have the privilege of a private interview with his conusel, and this had been denied, or if, after a private interview had been granted, he had asked a further postponement (or a continuance if the facts warranted it) to prepare for trial upon matters then disclosed to his counsel, and this had been denied, a question would have been presented which this court would have felt constrained to seriously regard, because of the denial of a substantial right guaranteed to appellant. We believe, however, under the facts recited, no such condition is presented and that this contention of appellant cannot be sustained.

The motion for rehearing is overruled.        *Overruled.*