**HIBBS, Major General, et al. v. CATOVOLO.**

**No. 11168.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 21, 1944.

---

John W. Savage, Asst. U. S. Atty., of Jackson, Miss., and Reid B. Barnes, Major, J.A.G.D., Hdq., 4th Service Command, of Atlanta, Ga., for appellants.

Alfred A. Albert, of Boston, Mass., for appellee.

Before HOLMES, McCORD, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment sustaining appellee's writ of habeas corpus and discharging him from the custody of appellant. The decisive question is whether appellee was subject to military jurisdiction as a member of the armed forces when he applied for the writ.

After being classified in 1A by his local draft board, appellee was ordered to report for induction on August 19, 1943. He voluntarily complied with this order, passed his physical examination, and was put through the regular induction process. He declined to take the oath prescribed as a part of the induction ceremony, on the ground that he was a conscientious objector, but was advised that he was in the army despite his refusal. He was given a furlough, and ordered to report for transference to Fort Devens, Massachusetts, for active military duty.

He obeyed this order voluntarily on September 10, 1943, and after reporting was sent with others to Camp Van Dorn, Mississippi. Shortly after his arrival there he sought an officer, and told him that he had not been properly inducted, because as a conscientious objector he had refused to take the oath. The officer then, and on several subsequent occasions, promised to look into the matter, but no action of any character was taken. In January, 1944, appellee talked to or corresponded with several other officers, but in each instance he was unable to obtain a reclassification or release.

From September, 1943, until June, 1944, appellee voluntarily performed all duties required of him as a soldier. He wore the uniform, accepted the pay, purchased the insurance, made the allotments, and secured the hospitalization, made available only to members of the armed forces. It is conceded that his failure to take the oath was the only matter in which he failed to comply with the procedure prescribed at the induction station, and the sole issue is whether he was actually inducted into the army and subject to military jurisdiction despite his refusal to take the oath.

We have recently had occasion to consider and decide this exact question in the case of Mayborn v. Heflebower, 5 Cir., 145 F.2d 864. Upon the authority of that decision, and for the reasons there assigned, we hold that the taking of the oath was not a prerequisite to the induction of the appellee; that appellee was actually inducted when he complied in all other respects with the procedure prescribed at the induction station; and that, if not, by his subsequent conduct he became a member of the armed forces.

The judgment appealed from is reversed, and the cause remanded to the District Court for further proceedings not inconsistent with this opinion.