**ALTMAYER v. SANFORD, Warden.**

**No. 11237.**

Circuit Court of Appeals, Fifth Circuit.

March 12, 1945.

Michael R. Altmayer, in pro. per., for appellant.

M. Neil Andrews, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Myron T. Nailling, Major, J.A.G.D., Hdq., 4th Service Command, and Reid B. Barnes, Major, J.A.G.D., Hdq., 4th Service Command, all of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant was convicted by a general court-martial of violating the 92nd Article of War, 10 U.S.C.A. § 1564. He seeks release from custody on the ground that his constitutional rights were denied him by the court-martial in that (1) his civilian defense attorney was not present during part of the trial, (2) he was held incommunicado from his said attorney during the evening of the first day of the trial, (3) his appointed counsel was not a lawyer, (4) the commanding officer of the prosecuting witness was permitted to confront the witness when she testified, and (5) the findings and sentence of the court-martial were not announced in open court.

We find no merit in these contentions. The civilian attorney voluntarily absented himself, and appellant and his appointed counsel freely consented to proceeding with the trial without him. The appointed counsel was present at all times. No showing is made that appellant was not permitted to consult with his counsel sufficiently to prepare his defense, and reasonable restrictions may be imposed as to the time and place of consultation between an accused and his attorney without infringing constitutional rights. The appointed counsel, being a commissioned officer admitted to practice before courts-martial, was a competent attorney within the purview of the Sixth Amendment. Romero v. Squier, 9 Cir., 133 F.2d 528, certiorari denied, 318 U.S. 785, 63 S.Ct. 982, 87 L.Ed. 1152. We are given no reason, and know of none, why the presence of the commanding officer of the witness was error; but if it was, it did not affect the jurisdiction of the court and may not be noticed in a habeas corpus proceeding.

Finally, courts-martial are not a part of the federal judicial system, and the procedure in such courts is regulated by the Articles of War, Army Regulations, orders of the President, and military custom.[1] Prior to 1920, principally because the findings and sentences of a court-martial were not effective until reviewed and approved, the members of such court were proscribed under oath from making known its findings.[2] In 1920, Congress enacted Article of War 29, 10 U.S.C.A. § 1500, providing that in cases of acquittal the court-martial shall at once announce such result in open court, and, where a different result is reached, the findings and sentence may be similarly announced under such

---

[1] Dynes v. Hoover, 20 How. 65, 15 L. Ed. 838; Carter v. McClaughry, 183 U. S. 365, 22 S.Ct. 181, 46 L.Ed. 236.

[2] Winthrop's Military Law & Precedents, 1920 Reprint, 447, 449; U. S. Army Manual for Courts-Martial, 1917 edition, page 150.

regulations as the President may prescribe. Pursuant to this authority, the President, in 1928, prescribed that when a court-martial has sentenced an accused, the court will announce its findings and sentence in open court unless, in the court's opinion, good reasons exist for not doing so. No attempt is here made to show that this court-martial did not, in its own opinion, have good reasons for declining to announce its findings and sentence in open court. Such procedure is not violative of any fundamental right.[3]

The judgment discharging the writ and remanding appellant to custody is

Affirmed.

---

[3] Cf. Ex parte Wall, 107 U.S. 265, 2 S. Ct. 569, 27 L.Ed. 552; Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Kahn v. Anderson, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469.