States, 300 U.S. 297, 304, 57 S.Ct. 478, 481, 81 L.Ed. 659) has the function of appraising conflicting and circumstantial evidence, and the weight and credibility of testimony."

See National Labor Relations Board v. Kobritz, 1 Cir., 1951, 193 F.2d 8.

■ The respondent contends that the Board's findings: (1) that the respondent by interrogation, threats of reprisal, surveillance, and other unlawful conduct interfered with, restrained and coerced its employees in violation of § 8(a) (1) of the Act, and (2) that respondent discriminatorily discharged eight members of the IAM organizing group in violation of § 8(a) (3) are not supported by substantial evidence.

We find no merit in the respondent's contentions and conclude that the Board's findings of violations of § 8(a) (1) and (3) of the Act are supported by substantial evidence on the record considered as a whole. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

A decree will be entered enforcing the order of the Board.

Wm. O. Stevenson, in pro. per.

Warren G. Moore, U. S. Atty., Tyler, Tex., Burton K. Philips, Lt. Col. JAGC, Headquarters, 5th Army, Chicago, Ill., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

PER CURIAM.

Alleging that he was being unlawfully detained as a prisoner in the United States Correctional Institution, at Texarkana, under a sentence imposed upon him by a general court martial, appellant filed in the court below a habeas corpus petition against the warden seeking release from custody.

While the petitioner made general attacks upon the constitution and proceedings of the court, including an attack upon the severity of the sentence, his principal contention was that he was not inducted into military service, and the sentencing court was, therefore, without jurisdiction.

An order to show cause having issued, and the warden having made a return thereto denying all the claims of the petitioner, that he was being illegally held in custody and particularly that he had not been inducted into service, the issues tendered were set for trial and were tried on the record and oral evidence, including that of the plaintiff.

The hearing concluded, the district judge made findings of fact and conclusions of law amply supported by them, and entered judgment discharging the warden on the

## STEVENSON v. McDONALD.

### No. 14116.

United States Court of Appeals Fifth Circuit.

Nov. 22, 1952.

order to show cause and denying the application for the writ.

Appealing from the judgment, petitioner is here insisting that the judgment was wrong and must be reversed; while the warden, insisting that the evidence fully supports the findings of fact and that, upon the authority of the cases[1] cited by the district judge, his conclusions of law and judgment were demanded, urges that the appeal is frivolous and the judgment must be affirmed.

Since we agree with the warden that this is so, it will serve no useful purpose for us to set out the testimony or discuss the established legal principles involved. It will suffice to say that upon the facts found and for the reasons given by the district judge, the judgment appealed from is

Affirmed.

## PUENTE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13239.

United States Court of Appeals Ninth Circuit.

Nov. 14, 1952.

Lafayette J. Smallpage, Stockton, Cal., Walter G. Schwartz, San Francisco, Cal., for petitioners.

Ellis N. Slack, Acting Asst. Atty. Gen., Helen Goodner, Carlton Fox, Joseph F. Goetten, Spec. Assts. to Atty. Gen., for respondent Commissioner of Internal Revenue.

Before HEALY, BONE and POPE, Circuit Judges.

PER CURIAM.

Petitioners seek to set aside an order of the Tax Court denying their claim that a loss sustained by them in the year 1945 on a foreclosure sale of their dairy herd and equipment used by them in the operation of their dairy business in 1944 and 1945 could be carried back to the taxable year under § 122(d) (5) of the Internal Revenue Code, 26 U.S.C.A. § 122(d) (5). They concede that the issue presented is substantially the same as that in the following cases which have been decided adversely to the taxpayers: Lazier v. United States, 8 Cir., 170 F.2d 521, 9 A.L.R.2d 324; Sic v. Commissioner, 8 Cir., 177 F.2d 469, certiorari denied 339 U.S. 913, 70 S.Ct. 572, 94 L.Ed. 1339; Merrill v. Commissioner, 2 Cir., 173 F.2d 310; Baruch v. Commissioner, 2 Cir., 178 F.2d 402; Pettit v. Commissioner, 5 Cir., 175 F.2d 195; and

1. Sanford v. Callan, 5 Cir., 148 F.2d 376, certiorari dismissed 326 U.S. 679, 66 S.Ct. 6, 90 L.Ed. 397; Mayborn v. Heflebower, 5 Cir., 145 F.2d 864, certiorari denied 325 U.S. 854, 65 S.Ct. 1087, 89 L.Ed. 1975; Hibbs v. Catovolo, 5 Cir., 145 F. 2d 866; certiorari denied 325 U.S. 854,

65 S.Ct. 1085, 89 L.Ed. 1974; Reaves v. Ainsworth, 219 U.S. 296, 31 S.Ct. 230, 55 L.Ed. 225; Ex parte Quirin, 317 U. S. 1, 63 S.Ct. 1, 87 L.Ed. 3; Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 93 L.Ed. 986; Altmayer v. Stanford, 5 Cir., 148 F.2d 161.