James E. Mulcahy, J.
An application is made on behalf of the defendant by his attorney for an order directing the Warden of the New York City Prison and the Department of Correction to permit one George Tapia, to accompany the attorneys for the defendant upon such visits as they or either of them wish to make to the defendant during the period of pendency of this action, and for a further order directing the above-named department to provide a place for consultation and preparation for said defendant which shall permit of privacy beyond the hearing of any person not authorized by the attorneys for the defendant, and for a further order directing the said departments to permit visitation to the defendant by an uncle and sister of the defendant.
The defendant has been indicted by the Grand Jury for the crimes of murder in the first degree, attempted murder in the first degree (2 counts), and assault in the first degree (2 counts). Upon arraignment in Part I, of this court, the attorney for the defendant stated that he had not been in a position to consult with his client through an interpreter of his own choosing. He alleged that in view of the fact that he did not speak the Spanish language sufficiently to be able to confer with the defendant and *445 that the defendant did not speak and understand sufficient English to confer with his counsel, the court at that time permitted counsel with an interpreter of defendant’s choice, namely one George Tapia, to confer with the defendant in privacy in the courtroom. Thereafter counsel requested an adjournment “ for all purposes ” of the arraignment. The court granted such request and adjourned the case until November 4, 1960.
Oral arguments were made before the court during which Mr. Frederick C. Bieber, Deputy Commissioner, Department of Correction, participated. Mr. Bieber indicated that the City Prison was under the supervision of the Department of Correction and, for security reasons, rules and regulations were promulgated; that in homicide cases, such as this, whenever a defendant was visited by a person not his counsel, an approval had to be first obtained from the District Attorney’s office. The District Attorney intervened during the argument to state that their office was not objecting to the procedure followed by the warden of the city prison except as to the visit to be made by one George Tapia who is not related to the defendant.
It is the duty of the warden of the city prison, having custody of persons charged with crime, to permit them to consult with their counsel and for such purpose the warden can make reasonable provision for those inmates who seek the opportunity to consult with their attorneys outside the hearing of other persons. As authorized by law, the control, management, and care of the prisoners detained for sentence or those awaiting trial, come under the supervision of the Department of Correction (see N. Y. City Charter, §§ 621, 623 [1938]). Unless the regulations promulgated by the Department of Correction are contrary to law, or it is shown that the warden has acted in bad faith or in an arbitrary manner, the court will not substitute its judgment for that of the correction administrator who is the duly responsible official (Hughes v. Cashin, 54 N. Y. S. 2d 437, 440-441).
Subsequently, and on the same day, the District Attorney’s office delivered a letter to the city prison stating that it knew of no sufficient reason to object to the permission to visit the city prison by one George Tapia to accompany and assist counsel of record as an interpreter.
Therefore, this portion of the relief sought by the attorneys on behalf of the defendant, being one for a direction upon the Department of Correction, is academic.
In connection with the relief requested directing the said warden to provide a proper place for consultation and that the place shall be private beyond the hearing of any person, there *446 is no proof in the facts submitted to substantiate the claim that the defendant is not being permitted to be interviewed by counsel without anyone else being present.
The right of an accused privately to consult with counsel is generally recognized and zealously enforced by State as well as Federal courts.
The court said in Matter of Rider (50 Cal. App. 797, 799): “ The right of an accused, confined in jail or other place of detention pending a trial of the charge against him, to have an opportunity to consult freely with his counsel without any third person, whose presence is objectionable to the accused, being present to hear what passes between the accused and his counsel, is one of the fundamental rights guaranteed by the American criminal law — a right that no legislature or court can ignore or violate.”
However, the movant in oral argument alleged that the room available in the city prison does not have the facilities for the proper privacy for the necessary conferences to be held between the accused and his legal advisors. There is no averment by affidavit in support of the allegation that the facilities offered to the accused are inadequate for consultation.
The right of an accused to consult with his attorney in private is not without limitation. There is no duty on the warden of the city prison to provide a room beyond the need required for consultation nor should the warden be required to make the room available for immediate use upon request. It is only necessary that reasonable facilities be provided and that the right of privacy between the accused and his attorney is respected.
It is also the warden’s duty to see that all inmates under his jurisdiction are given equal privileges in the use of the facilities for consultation.
In Altmeyer v. Sanford (148 F. 2d 161, 162), the court held as follows: “ No showing is made that appellant was not permitted to consult with his counsel sufficiently to prepare his defense and reasonable restrictions may be imposed as to the time and place of consultation between an accused and his attorney without infringing constitutional rights.”
With respect to the request for relief for visitation on behalf of the uncle and sister, the rules of the New York City Prison in this regard have not been shown to be unreasonable.
Now, in concluding there is nothing in the moving papers to justify an interference or a direction by the court to order a change in the rules and regulations of the city prison wherein the defendant is being held for trial.
Motion denied in all respects.