**Alicia MORALES et al.,**
v.
**James TURMAN et al.**
**Civ. A. No. 1948.**

United States District Court,
E. D. Texas,
Sherman Division.
March 1, 1971.

Orders March 1, 1971 and May 3, 1971.

---

Steven Bercu, El Paso Legal Assistance Society, El Paso, Tex., William P. Hoffman, Jr., San Francisco, Cal., for plaintiffs.

Max Flusche, Roland Daniel Green, III, Asst. Attys. Gen., Austin, Tex., for defendants.

## FINDINGS OF FACT

JUSTICE, District Judge.

On the 16th day of February, 1971, came on to be heard Plaintiff's Motion for preliminary injunction with reference to the right to consult privately with their counsel, and the Court having heard the evidence adduced at the hearing thereon makes the following findings of fact:

### I.

I find that each named Plaintiff has entered into a valid agreement to retain the El Paso Legal Assistance Society and any persons or attorneys acting with them, including William Hoffman, Jr., and that a valid and subsisting attorney-client relationship exists between Plaintiffs and their attorneys;

### II.

I find that Steven Bercu is an attorney associated with the El Paso Legal Assistance Society and that the El Paso Legal Assistance Society is funded by the Office of Economic Opportunity:

### III.

I find that William Hoffman, Jr., is an attorney associated with the Youth Law Center in San Francisco, California, and that the Youth Law Center is funded by the Office of Economic Opportunity;

### IV.

I find that the El Paso Legal Assistance Society and the Youth Law Center are legal aid offices or public defender offices operated or sponsored by a bona fide, non-profit community organization,

and operated or sponsored by a governmental agency within the meaning of the American Bar Association Disciplinary Rule 2–103(D) (1) (b) and (c).

## V.

I find that Steven Bercu and William Hoffman, Jr., are lawyers participating in activities designed to educate laymen to recognize legal problems, to make intelligent selection of counsel, or to utilize available legal services and are lawyers who are furnished or paid by offices or organizations enumerated in A. B.A. DR 2–103(D) (1) within the meaning of A.B.A. DR 2–104(A) (2) and (3);

## VI.

The court therefore rules that evidence relating to alleged solicitation is irrelevant to any issue before the Court and the Court therefore makes no finding on the issue of alleged solicitation;

## VII.

I find that Defendants failed and refused to allow the individual Plaintiffs to confer privately with their attorneys;

## VIII.

I find that Defendants opened, inspected and copied mail between the individual Plaintiffs and their attorneys.

### CONCLUSIONS OF LAW

■ Persons deprived of their liberty in state institutions have a fundamental due process right of access to the courts to challenge the validity of their confinement and interference with this fundamental federal right will be enjoined by a federal court. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

■ Those deprived of their liberty by a state have a constitutional right to retain counsel to attack their confinement on appeal or collaterally and to petition state or federal courts respecting grievances as to the conditions of their confinement, whether by petition for writ of habeas corpus or action under the Civil Rights Act. The right to counsel encompasses the right to effective counsel and the right to effective counsel includes the right to confer and correspond privately with counsel. Fifty years ago it was held that a juvenile confined in an institution has a right to confer privately with counsel. Ex parte Rider, 50 Cal.App. 797, 195 P. 965 (1920). The right of incarcerated adults to confer confidentially with counsel has never been questioned. Turner v. State, 91 Tex.Cr.R. 627, 241 S.W. 162 (1922); Sanderson v. State, 105 Tex.Cr.R. 198, 287 S.W. 251 (1926); McBride v. State, 121 Tex.Cr.R. 549, 51 S.W.2d 337 (1932); Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749 (D.C.Cir.1950).

If inmates under the jurisdiction of the Texas Youth Council are compelled to confer with their attorneys in the presence of a representative of the Texas Youth Council the inmate loses both the confidentiality of the attorney-client privilege and the privilege against self incrimination, because the Youth Council representative may testify in court as to the conversation or communication overheard or intercepted. See Clark v. State, 159 Tex.Cr.R. 187, 261 S.W.2d 339 (1953).

■ There is a heavy burden upon the State to justify an infringement of the First Amendment right to petition for redress of grievances by writing government officials, courts, and/or attorneys for aid without fear of retaliation by prison officials. Palmigiano v. Travisono, 317 F.Supp. 776 (D.R.I. 1970); Sostre v. Rockefeller, 312 F. Supp. 863, 873–874 (S.D.N.Y.1970). In *Palmigiano*, the court held "that contact with an attorney, and the right to consult privately is vital to an inmates' access to the courts" (317 F.Supp. at 789), and found that uncensored confidential correspondence was an essential adjunct to that right.

■ Plaintiffs had been denied equal protection of the laws in two respects: 1) Defendants in this action may confer privately with counsel whereas Plaintiffs may not, thereby rendering Plaintiffs' counsel less effective and invading fundamental constitutional

rights without justification by compelling state interest, and 2) Adult prisoners are allowed to confer privately with counsel whereas Plaintiffs are not, thereby rendering Plaintiffs' counsel less effective and invading fundamental rights without justification by compelling state interests. If a classification made by officials acting under color of state law burdens fundamental constitutional rights, the state must offer a compelling state interest in the classification or it cannot stand. See, e. g., Jackson v. Godwin, 400 F.2d 529, 541 (5th Cir. 1968). The due process right to access to the courts and the First Amendment right to petition officials and the courts (through attorneys) for redress of grievances are fundamental rights. Palmigiano v. Travisono, *supra*, 317 F.Supp. at 787.

I therefore conclude that as a matter of law Plaintiffs are entitled to the preliminary injunction granted in the order attached hereto.

## ORDER

On the 16th day of February, 1971, came on to be heard Plaintiffs' motion for preliminary injunction with reference to the right to consult privately with their counsel and it appearing from the Plaintiffs' pleadings and the affidavits attached thereto and the evidence adduced at the hearing thereon that the following relief should be granted:

It is therefore Ordered that all Defendants be and they are hereby enjoined from:

Interfering with the right of the named Plaintiffs to consult privately with counsel by:

a. Forbidding inmates the right to confer in person with counsel in absolute privacy; except that said right shall be exercised between the hours of 8:00 a. m., and 5:00 p. m. on Monday through Friday of each week inclusive, and except that said consultations may be subject to visual observation outside the hearing of the discussion between Plaintiffs and their counsel.

b. Opening, inspecting, reading, tampering with, copying, delaying or in any manner impeding the passage of incoming or outgoing mails between Plaintiffs and their attorneys.

## ORDER

On the 19th day of April, 1971, came on to be heard Plaintiffs' motion for clarification of the Order of this Court in the above-titled matter dated March 1, 1971, and it appearing from the evidence adduced at the hearing thereon that the following relief should be granted:

It is therefore Ordered that all defendants, their agents and employees and all persons acting in concert with them, be and they hereby are enjoined from:

1. Interfering with the right of the named Plaintiffs, or of any other persons who are represented by counsel for the named Plaintiffs, to consult privately with counsel by:

a. Forbidding inmates the right to confer in person with counsel in absolute privacy; except that said right shall be exercised between the hours of 8:00 a. m., and 5:00 p. m. on Monday through Friday of each week inclusive, and except that said consultations may be subject to visual observation outside the hearing of the discussion between them and their counsel.

b. Opening, inspecting, reading, tampering with, copying, delaying or in any manner impeding the passage of incoming or outgoing mails between them and their attorneys.

2. Harrassing, threatening, intimidating or vexing any of those persons described in Paragraph 1 above, or any other persons who were called to testify at the hearing on this matter of April 19, 1971, by reason of this action or by reason of their exercise or attempt to exercise any of the rights guaranteed them by the Constitution and laws of the State of Texas and of the United States.