JOSE SALASAR V. THE STATE.

No. 11152.   Delivered November 16, 1927.

Réhearing denied January 4, 1928.

**1.—Carrying a Pistol—Bill of Exception—Incomplete—Presents No Error.**

Where a bill of exception complains of the admission of certain evidence, but does not set out any of the surrounding facts or circumstances, this court cannot intelligently consider the matter complained of.

**2.—Same—Continued.**

This court will presume, in the absence of a showing in the bill of exception to the contrary, that evidence was properly admitted by the trial court. The bill must state facts from which this court can determine that in receiving the evidence the trial court was in error. See Pombo v. State, 279 S. W. 263, and other cases cited.

**3.—Same—Right of Arrest Without Warrant—Rule Stated.**

Art. 487, C. C. P. 1925, permits the arrest without warrant of one violating the law against unlawfully carrying a pistol, upon information

from some reliable person that the person charged is committing the offense or if the officer has "probable cause" for believing a person guilty of violating the statute, he is authorized to arrest without a warrant. See Jacobs v. State, 28 Tex. Crim. App. 79; Battle v. State, 290 S. W. 762, and other cases cited.

### ON REHEARING.

**4.—Same—No Error Shown.**

On rehearing nothing is presented to alter our views as expressed in our original opinion affirming the judgment, and the motion for rehearing is overruled.

Appeal from the County Court at Law No. 2 of Harris County. Tried below before the Hon. Ran Scruggs, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*Fuller & Fuller* of Houston, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is unlawfully carrying a pistol, punishment fixed at a fine of one hundred dollars.

The appellant was arrested upon one of the streets of Houston and was possessed of a pistol. He introduced no defensive testimony, but relies for a reversal upon three bills of exceptions.

In the first bill complaint is made of testimony to the effect that the appellant "shied around the officers, started to pass them and looked suspicious." This testimony may or may not have been admissible, depending upon what preceded and followed it. In the absence of some recital of the setting in which the evidence came into the case, its admissibility cannot be determined. Touching any of the surrounding facts the bill is silent.

In bill No. 2 the complaint is that there had been recently considerable shooting with pistols in the section of the city where the arrest was made. That the court did not err is a presumption in the absence of a showing in the bill to the contrary. The bill does not show whether the appellant was connected with the shooting or not; nor does it state facts from which this court can determine that in receiving it the trial court was in error. Pombo v. State, 279 S. W. 263; Quinn v. State, 279 S. W. 458; Stanford v. State, 280 S. W. 798; Murff v. State, 281 S. W. 1077; Ard v. State, 276 S. W. 263.

In bill No. 3 complaint is made of the receipt of the testimony of the arresting officers to the effect that they found a pistol upon the person of the appellant. The remainder of the bill consists merely of the grounds of the objection. Robbins v. State, 272 S. W. 175; Pahlka v. State, 100 Tex. Crim. Rep. 605; Vernon's Tex. C. C. P., 1925, Art. 667, p. 364, note 23. The bill contains no statement or certificate of the trial judge that the arrest was illegally made or that the officers were not possessed of the legal authority to make the search. In Art. 487, P. C., 1925, there is found a special statute permitting the arrest without warrant of one violating the law against unlawfully carrying a pistol upon information from some reliable person that the person charged is committing the offense. Nothing in the bill in question negatives the idea that in making the arrest in the instant case the officers acted within the scope of the statute mentioned. The legality of the article of the statute in question has been asserted by this court in numerous instances. See Jacobs v. State, 28 Tex. Crim. App. 79. The contention that it was offensive to Art. 1, Sec. 9, of the Bill of Rights was held untenable by this court in the opinion written by Judge Willson in the case mentioned. A like ruling was announced in the opinion by Judge Hurt in Ex Parte Sherwood, 29 Tex. Crim. App. 334. The same conclusion has been reached by the court in many cases which are collated in Vernon's Tex. P. C., 1925, Vol. 1, p. 283. In these announcements no conflict is perceived with the recent cases in which the court has discussed the applicability of Art. 727a, C. C. P., 1925, to the introduction of evidence obtained in violation of Art. 1, Sec. 9, of the Bill of Rights. In other words, the fact that the officer has personal knowledge or has received specific and credible information that the accused is carrying a pistol in violation of the law complies with the rule of the Constitution demanding "probable cause" as a predicate for the arrest. The statute in question (Art. 487, supra) is conceived to be in line with the decisions of this court in Battle v. State, 290 S. W. 762; Odenthal v. State, 290 S. W. 743 and of the Supreme Court of the United States in the case of Carroll v. United States, 267 U. S. 132, 45 Sup. Ct. Rep. 280, 69 Law Ed. 543, 39 A. L. R. 791.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The points presented in the motion were each carefully considered when this case was before us

originally, and no new authorities are cited; nor is our attention called to any fact which was not considered fully upon the former presentation. We are not led to change our views' as expressed in the opinion.

The motion will be overruled.

*Overruled.*