## LEE ROY GOSS V. STATE

No. 27,177. December 1, 1954
Rehearing Denied January 26, 1955

38

*Frank D. Ivey,* and *Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *James K. Allen,* Chief Felony Prosecutor, *Charles S. Potts, John M. Burns,* and *George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The indictment, charging appellant with robbery by assault with a pistol, was returned on August 22, 1950. Appellant was placed on trial on March 11, 1954, after his release from the penitentiary under another sentence, and the jury found him guilty and assessed his punishment at 99 years in the penitentiary.

Appellant was identified by T. A. Caronna and his wife as being one of two men, each armed with a pistol, who entered their home and took some $2000 in currency, forcing Mrs. Caronna, at gun point and after striking her, to open the safe, while pointing a pistol also at Mr. Caronna, and left them bound and blinded with tape.

The appeal is predicated upon three bills of exception appearing in the transcript as formal bills, two of which are relied upon in appellant's brief.

Bill No. 1 recites that appellant offered the testimony of Mr. Doss Hardin, an attorney, who testified that in August 1950, he represented one Winnie Franklin Strong who, along with appellant and one Fleming Van Derrick, were seeking their release on bail in a habeas corpus hearing; that T. A. Caronna, at said hearing, testified and identified Winnie Franklin Strong as the man who in company with Fleming Van Derrick had robbed him.

The bill is directed to the asking of the following question on Mr. Hardin's cross-examination: "I will ask you if it is not a fact that Strong was no-billed on this particular robbery?" Appellant objected and moved for a mistrial because of the asking of the question, on the ground that the damaging effect and implication of the question could not be cured nor removed from the jury's mind by an instruction from the court.

The trial court sustained the objection and instructed the jury to disregard the question and it was not answered. The refusal of the court to declare a mistrial is the basis of the bill of exception.

The bill does not show any factual basis or ground upon which the question asked was considered by appellant's counsel to be damaging or prejudicial. The trial judge declined to certify that appellant suffered any injury or prejudice by the asking of the question and, in his qualification, expressed the opinion that it in no way contributed to the jury's verdict on the issue of guilt or punishment.

We find ourselves in accord with the trial judge's conclusion that an order declaring a mistrial was not called for.

Bill No. 2 complains that immediately following the proceedings set forth in Bill No. 1, Mr. Hardin was asked by the assistant district attorney: "All right, Mr. Hardin, at that hearing at that time there *was* two separate and distinct robberies involved?"

The trial judge sustained the objection addressed to this question and instructed the jury not to consider the same, but appellant reserved exception to the court's refusal to declare a mistrial.

We cannot agree that the question, if erroneous, was necessarily a reference to the commission of an extraneous crime by appellant. The motion for a mistrial was properly refused.

The judgment is affirmed.

## ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

In our original opinion we did not discuss Appellant's Bill

of Exception No. 3. It is directed to the court's refusal to dismiss the indictment against him. The grounds urged for such dismissal are as follows:

Two indictments were returned against this appellant by the Dallas County grand jury in August, 1950, one of which charged him with a robbery alleged to have been committed on March 30, 1950, and the other with a robbery alleged to have been committed on April 2, 1950. Appellant was tried in January, 1951, for one robbery and sentenced to not less than five years and no more than life imprisonment and was thereafter transmitted to the penitentiary to serve such sentence. After having served the minimum time on the above sentence, appellant applied to this court for a writ of habeas corpus. This court, with the writer dissenting, ordered appellant released. See Ex parte Goss, 159 Texas Cr. Rep. 235, 262 S.W. 2d 412.

In compliance with said order, appellant was released from the penitentiary in November, 1953, but was transferred to the Dallas County jail to answer the instant indictment. He was tried on such indictment in March of 1954.

It is the appellant's contention that he has, by the failure of the state to force him to trial in the instant case prior to March, 1954, been deprived of his constiutional right to a speedy trial. Let us examine such contention in the light of this record and the records of this court. Appellant did not appeal his first conviction but accepted his sentence and waited until he had served the minimum time thereunder and then applied immediately to this court for a writ of habeas corpus, alleging that the sentence was void as to the punishment in excess of the minimum. This court agreed with appellant and ordered his discharge from such sentence.

Had the appellant wanted a trial in the instant case, no doubt he would have proceeded with the same alacrity and petitioned the Texas Supreme Court for a writ of mandamus as did the relator in State ex rel. Moreau v. Bond, District Judge, 271 S.W. 379. Having failed, without excuse, to avail himself of the legal remedies at his command, he may not now rely upon the state's failure to act.

Remaining convinced that we properly disposed of this appeal originally, the appellant's motion for rehearing is overruled.