CHESTER A. WHITE V. STATE.

No. 29,704. April 9, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 14, 1958.

*Cliff Tupper*, San Angelo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is burglary; the punishment, two years in the penitentiary.

The testimony of the owner of two saddles and the house from which the saddles were taken; the sheriff who recovered the saddles which were returned to and properly identified by the owner, and an accomplice who related all the facts before and after the breaking and entering of the house and the taking of the saddles, and the sale of them to the person from whom they were recovered, is sufficient to sustain the conviction.

Appellant did not testify or offer any evidence in his behalf.

No formal bills of exception appear in the record.

Appellant contends that the evidence is insufficient to support a conviction for ordinary burglary as charged because the evidence shows the burglary of a private residence at night.

The saddles were taken at night from a ranch house located in Coleman County. The owner of the ranch house testified that he lived with his wife in Brownwood which was his mailing address and also where he paid his poll tax, but that he stayed at his ranch house part of the time. The owner was asked the following question (referring to the ranch house) on cross-examination: "Q. It was your part time residence?" A. Yes. The owner further testified that all the furniture in the ranch house at the time the saddles were taken consisted of a folding cot, a steel cot, and a table; and that he considered his legal residence to be in Brownwood.

The evidence was not sufficient to authorize the trial court to conclude as a matter of law that the ranch house in question was being used as a private residence.

Appellant contends that he has been deprived of his right to a speedy trial. In the absence of any request or demand, it appears that appellant is not now entitled to rely upon the state's failure to act. 1 Branch, 2d Ed., p. 615, Sec. 648; Goss v. State, 161 Texas Cr. Rep. 37, 274 S.W. 2d 697.

The evidence is sufficient to support the conviction and no reversible error appearing the judgment is affirmed.

Opinion approved by the Court.