**Ex parte Jose ORTEGA.**

No. 36212.

Court of Criminal Appeals of Texas.

Nov. 27, 1963.

---

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is an appeal from the order entered in a habeas corpus proceeding denying the application seeking discharge from custody.

Jose Ortega, the petitioner, was convicted in Reeves County in 1958 in two burglary cases and sentenced to serve a total of 8 years. He was received at the penitentiary on May 8, 1958. On December 23, 1959, he was paroled.

Ortega was indicted in Winkler County for a burglary allegedly committed on or about September 15, 1960. The indictment was returned on October 4, 1960. When the case was called for trial on October 17, 1960, it was continued on application of the defendant.

On October 29, 1960, he was returned to the penitentiary from Winkler County as a parole violator.

A detainer was placed on Ortega on November 10, 1960.

The petition for habeas corpus was filed on June 17, 1963, after he had been brought from the penitentiary on a bench warrant and was in custody of the Sheriff of Winkler County to answer the indictment.

 The record of the hearing shows that at the time the petition for habeas corpus was filed and at the time of the hearing, Ortega had not satisfied the sentences he was serving from Reeves County, hence he was in lawful custody by virtue of such sentences, and was in no position to complain that his confinement to anwser the indictment was unlawful. Ex parte Kemp, 154 Tex.Cr.R. 633, 230 S.W.2d 232; Ex parte Herring, 156 Tex.Cr.R. 624, 245 S.W.2d 705.

Appellant's contention appears to be that he was denied a speedy trial and should not be required to answer the indictment returned against him in October 1960. We do not agree.

As pointed out by the state, no proceeding in the nature of a mandamus to compel an early trial was instituted. The case had not been dismissed. Goss v. State, 161 Tex.Cr.R. 37, 274 S.W.2d 697, is authority for affirming the trial court's order denying relief by habeas corpus.

The judgment is affirmed.