**Mona Sue DAGLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38417.**

Court of Criminal Appeals of Texas.

June 23, 1965.

Rehearing Denied Oct. 20, 1965.

John J. Browne, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Charles E. Bonney and James I. Smith, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted as a second offender under the Uniform Narcotic Drug Act, Art. 725b, Vernon's Ann.P.C., for the unlawful possession of narcotic paraphernalia and her punishment was assessed at ten years in the penitentiary.

The state's evidence shows that on March 3, 1960, Officers Hightower and Chavez observed the appellant seated in an automobile with another female and her (appellant's) husband in the 600 block of Hemphill Street in the city of Houston. When the officers went to the automobile, appellant was sitting in the right front seat and had a spoon in her left hand and an eye dropper and needle, referred to as a "joint," in her right hand. She proceeded to drop the spoon on the back floorboard and mash the rubber portion of the eye dropper so as to cause fluid to pass through the needle onto the floorboard. After Officer Chavez opened the car door, appellant gave him the eye dropper and needle and he picked up the spoon from the floorboard. The spoon, needle, and eye dropper were then taken to the police station, where they were placed in an envelope and properly identified. The following day Officer Hightower carried the envelope and contents (state's exhibit #3) to the city laboratory and delivered them to Chemist Metz.

At the time of trial, Chemist Metz was no longer in the employ of the city and was a non-resident of the state. Chemist and toxicologist Floyd McDonald, who was in charge of the chemical laboratory in Houston, upon being called as a witness, identified, by referring to the laboratory records, state's exhibit #3 as the eye dropper, needle, and spoon delivered to the laboratory by Officer Hightower. Chemist McDonald testified that from the records made in the laboratory under his supervision, it was shown that Chemist Metz made a chemical analysis of state's exhibit #3 which showed that the spoon contained 2.25 milligrams of heroin and the eye dropper and needle contained 1.93 milligrams of heroin.

It was shown by the chemist's testimony and also that of Officers Hightower and Chavez that the spoon, eye dropper, and needle in appellant's possession on the day in question were narcotic paraphernalia adapted for the purpose of subcutaneous injections of narcotic drugs into a human being.

Proof was made, by the introduction in evidence of certain authenticated prison records and the testimony of a handwriting expert, that on March 2, 1954, the appellant had been finally convicted in Criminal District Court No. 3 of Harris County of the offense of unlawfully possessing heroin.

Appellant did not testify or call any witnesses in her behalf other than Officer Hightower, whom she recalled for further cross-examination.

■ We find the evidence sufficient to support the conviction, and shall discuss the contentions urged by appellant on her appeal. She first contends that the judgment of conviction is void because it was obtained in violation of her right to a speedy trial, guaranteed by the Sixth Amendment to the Constitution of the United States and by Art. 1, Sec. 10, of Vernon's Ann.Constitution of Texas, and for the further reason that she was denied the assistance of counsel within the meaning of the Sixth Amendment to the Federal Constitution.

Appellant filed in the cause what was designated as a motion to quash and dismiss the indictment and a plea to the court's jurisdiction, which alleged as grounds therefor that she had been denied her constitutional right to a speedy trial.

At the hearing on the motion it was shown that an indictment was originally returned against appellant in Cause No. 92331 on July 20, 1960, for the offense of unlawful possession of heroin, alleged to have been committed on March 3, 1960. The indictment contained allegations of prior convictions for enhancement under Art. 63, V.A.P.C.

On September 21, 1960, the case was set for trial and was passed by agreement of the parties. At that time, appellant was represented by Attorney Gabriel Nahas. On September 1, 1961, appellant made bond in the case and in two other cases then pending against her. Thereafter, on February 2, 1962, she was again placed in jail by virtue of a warrant issued at the request of one of her sureties, since which date she has remained incarcerated. On May 9, 1962, the case was again set for trial and at that time passed, on appellant's motion and request for the appointment of counsel. At such time, an attorney was appointed by the court to represent appellant. In September, 1962, appellant retained her present counsel, John J. Browne. On November 20, 1962, the case was called for trial. Appellant and her counsel appeared, both sides announced ready, and selection of the jury began.

During the voir dire examination of the jury panel and before a jury was selected, a motion was made by the state to withdraw its announcement of ready for trial. Over appellant's objection, the motion was by the court granted. At such time, the assistant district attorney stated that he had learned after announcing ready for trial that certain material witnesses for the state were not present and, further, that he intended to seek a new indictment in the case because he felt the pending indictment was insufficient. It was further stated by state's counsel that the case would be re-set for trial no later than January 1, 1963, on the new indictment.

On November 26, 1962, the present indictment was returned against appellant in Cause No. 102982 and the case was tried on March 21, 1963, resulting in appellant's conviction.

■ Under the record, we find no error in the court's refusal to grant appellant's motion to dismiss the indictment on the grounds alleged.

■ The court's action in permitting the state to withdraw its announcement of ready for trial at the setting of the case on November 20, 1962, does not show an abuse of discretion. No request was made by appellant for an earlier setting of the case. The November 20th setting was in response to appellant's request, made a month earlier, for a setting at the earliest practical date. Had she wanted an earlier trial in either case it was incumbent upon her to request or demand the same and, if refused, to file petition for writ of mandamus. Moreau v. Bond, 114 Tex. 468, 271 S.W. 379; Goss v. State, 161 Tex.Cr.R. 37, 274 S.W.2d 697; White v. State, 166 Tex.Cr.R. 267, 312 S.W. 2d 639; Ex parte Ortega, Tex.Cr.App., 372 S.W.2d 695.

■ In refusing to submit appellant's plea to the jurisdiction to the jury under the authority of Art. 510, Vernon's Ann. C.C.P., the court did not err. In the early case of Venters v. State, 18 Tex.App. 198, a

special plea alleging that the accused had been deprived of his constitutional rights to a speedy trial was held to be one not authorized by law.

■ The contention that appellant was denied the assistance of counsel is not supported by the record and is overruled.

An examination of the record reflects that since the return of the original indictment against appellant on July 20, 1960, she has been represented by three different attorneys, two of her own selection and one by appointment of the court. When the case was first called for trial on September 21, 1960, she was represented by an attorney of her own selection, Gabriel Nahas. While the record does not show when Attorney Nahas's employment was terminated, it is shown by certificate of the trial court that when the case was called for trial on May 9, 1962, it was passed, on motion of appellant because she had no attorney, "at which time the Court appointed an Attorney, a Lawyer in good standing in Harris County, Texas, to represent her." Thereafter, in the month of September, appellant retained her present lawyer, John J. Browne, who represented her at the trial and represents her on this appeal.

Appellant next insists that she was denied her constitutional right of confrontation and cross-examination guaranteed by the Sixth Amendment to the United States Constitution and Art. 1, Sec. 10, of the Constitution of this state by the court's action in permitting Chemist McDonald to testify as to the results of the chemical analysis made by Chemist Metz upon the items delivered to the laboratory by the arresting officer. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, by the Supreme Court of the United States, is relied upon in support of her contention.

■ Under the statutes of this state and decisions of this court, Chemist McDonald was authorized to testify from the official records of the department as to the results of the tests made by Chemist Metz under his supervision and control. Articles 3731a and 3737e, Vernon's Ann.Civ.St.; Leonard v. State, 161 Tex.Cr.R. 470, 278 S.W.2d 313; Trujillo v. State, 166 Tex.Cr.R. 405, 313 S.W.2d 871; McCarty v. State, 167 Tex.Cr.R. 164, 319 S.W.2d 338; Mills v. State, 169 Tex.Cr.R. 428, 334 S.W.2d 807.

Pointer v. State of Texas, supra, did not, as here, involve the testimony of a witness given at the trial but, rather, involved the reproduction of testimony of a witness given at an examining trial and is not here applicable.

Estes v. State, 162 Tex.Cr.R. 122, 283 S.W.2d 52, cited by appellant, is not here controlling, because in that case instruments from the Department of Public Safety which were hearsay were admitted in evidence over objection and none of the parties whose names were signed to the instruments appeared as witnesses. Here, Chemist McDonald was only permitted to testify from the laboratory records made under his supervision. The report made by Chemist Metz of his analysis was not introduced in evidence by the state but was introduced by the appellant.

Complaint is made to the court's action in denying appellant's motion, made before trial, requesting that the state deliver the items seized by the officers to appellant for her inspection and analysis by a chemist of her selection. Such refusal, it is contended, violated appellant's rights to a fair trial, as guaranteed under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

■ With such contention we do not agree. We do not have in this state any statutory provision for pre-trial inspection of evidence which the state may have in its possession. It has been the holding of this

court that an accused is not entitled to a pretrial inspection of his confession or other exhibits in possession of the state. See: Freeman v. State, 166 Tex.Cr.R. 626, 317 S.W.2d 726, and cases there cited. It should be observed, also, that had the paraphernalia been ordered delivered to appellant for examination it would have been of no benefit to her, as Chemist McDonald's testimony shows that after the analysis was completed by Chemist Metz there was no trace of heroin remaining on the items.

■ Appellant insists that the evidence is insufficient to sustain the enhancement portion of the indictment because the authenticated prison records were improperly admitted in evidence over the objection that they were not copies of the original records but of copies in the files of the Department of Corrections.

Recently, in Warden v. State, Tex.Cr. App., 366 S.W.2d 786, a similar contention was overruled, in holding admissible certain authenticated prison records offered by the state to prove the prior alleged conviction.

Appellant's remaining complaint is to the court's refusal to grant a mistrial when Deputy Sheriff E. G. Knowles, while testifying as a fingerprint expert and being examined on voir dire with reference to whether appellant's prints were put on state's exhibit #2, stated:

"Yes, sir, I know I was there. We don't put it—I have several cards like that, but only the ones that I handle show my name on it, or on them."

■ The record reflects that appellant's objection to the witness's answer was sustained and the jury instructed not to consider the same. We perceive no reversible error in the refusal to grant a mistrial.

The judgment is affirmed.

Opinion approved by the court.