**Isaac PARKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38284.**

Court of Criminal Appeals of Texas.

Oct. 20, 1965.

Rehearing Denied Dec. 15, 1965.

Second Motion for Rehearing Denied Jan. 26, 1966.

Engelke, Brown & Holbrook, by Don Brown, La Marque, for appellant.

Jules Damiani, Jr., Dist. Atty., Ronald L. Wilson, Asst. Dist. Atty., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, seven (7) days in jail and a fine of $100.

■ The testimony of the state reveals that while the appellant was driving an automobile upon a public street about 8 P.M., he drove through a red traffic light at an intersection and along and near the curb striking a parked car in the parking lane with such force that it struck another parked car which also struck a car parked in front of it, and that a person in the second parked car was injured.

The testimony further reveals that the appellant's eyes were glassy, his speech slurred, and that he was unsteady on his feet and staggered while walking, and he had the odor of alcohol on his breath. Four witnesses who observed the appellant at the scene expressed the opinion that he was intoxicated.

Testifying in his own behalf the appellant stated that when he applied the brakes as the traffic light changed, the car slid sideways and he could not regain control before it struck the parked cars; that he drank three beers before 6 P.M., but was not drunk at the time of the collision about 8:30 P.M. The testimony of appellant is corroborated by that of his brother and employer, and that of his wife who was riding in the car with him at the time of the collision.

The jury resolved the issue of intoxication against him and the evidence is sufficient to support the conviction.

■ Complaint is made of the trial court's refusal of appellant's motion to appoint a court reporter to attend the trial of this cause. A statement of facts in question and answer form on the merits accompanies the record. It is approved by counsel for appellant and the state and also the trial judge. From the record as presented no error appears.

■ The appellant next complains of the trial court's refusal of his oral motion for an instructed verdict of not guilty, made at the close of the state's case in chief, on the ground that he was denied the right to consult counsel, thereby denying him the opportunity to be examined by competent and disinterested persons as to whether he was intoxicated at the time of his arrest. The refusal of the motion was not error.

The arresting officer testified that the appellant was drunk when they arrived at the jail about 9 P.M., and that he then declined appellant's request to use the telephone until he had "sobered up" which was about four hours later. The appellant was released on bond about 1 A.M., the following morning. He was represented by counsel upon and during the trial of the case.

No evidence was offered by the state of any statement made by the appellant after the collision, or that any body specimen was taken, requested or denied. There was no interrogation of the appellant after his arrest, and no need arose for the protection of his rights against self-incrimination.

■ By three formal bills of exception, the appellant insists that the state's attorney erred in his argument to the jury as follows:

" 'Let's look at the facts in the case. (Naming one witness in each bill) * * says that the Defendant was intoxicated. Mr. Brown here (pointing at Defense Counsel, Don Brown) says that the Defendant was sober.' Such argument was made despite the fact that the Defense Counsel, Don Brown, had never stated at any time during the trial of the cause that Defendant was sober, nor had Defense Counsel stated words to that effect."

Appellant claims that these three statements to the jury injected new facts in the case which were manifestly improper; that the court overruled his objection thereto and refused to instruct the jury not to consider them.

The record reflects that Don Brown represented the appellant during the trial, that appellant entered a plea of not guilty, that Brown cross-examined the state's witnesses, and called four witnesses including the appellant, who testified that he was not intoxicated. From Brown's position in the case, it is apparent that the argument complained of was a reasonable deduction from the evidence and is not of such nature as calls for a reversal.

■ By formal bill the appellant also urges reversal on the ground that the trial court refused his motion for a mistrial after the following argument by the state's attorney:

" 'I've got him hurting; he's hollering.' Such argument was made immediately following Defense Counsel Don Brown's objection, which was sustained by the Court, that argument by the said Ronald L. Wilson as to purported actions of Defendant's wife at the scene of the accident injected a new fact into the case."

The actions of the wife referred to in the bill are not shown. The objection thereto was sustained. No reversible error is perceived.

The other contentions presented have been carefully considered and they do not show error.

The judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant re-urges his contention that the court erred in refusing his motion for an instructed verdict on the ground that he was denied the right to consult with counsel. In support of such contention he cites Art. 1176, Vernon's Ann.P.C., which makes it a penal offense for any officer having custody of a prisoner to unlawfully prevent such prisoner from consulting or communicating with counsel or from obtaining the advice or services of counsel in the protection or preservation of his legal rights.

■ While Art. 1, Sec. 10, of Vernon's Constitution of Texas guarantees to an accused the right to counsel and Art. 1176, supra, makes it a penal offense for an officer to prevent him from consulting with counsel, a sheriff has the right to exercise discretion and caution in admitting attorneys to the jail to see their clients.

In Ellis v. State, 149 Tex.Cr.R. 583, 197 S.W.2d 351, it was held that the improper limitation of consultation with counsel on one occasion did not call for a reversal where the right of consultation was fairly accorded the accused before trial and there was no claim that by an unlimited consultation a defense or mitigating circumstance might have been presented.

We remain convinced that the action of the arresting officer in refusing appellant's request to use the telephone at the jail until he had "sobered up"—which was about four hours later—does not present reversible error.

Error is urged to our holding in the case that the court did not err in overruling appellant's motion to dismiss the prosecution for the failure of the state to grant him a speedy trial.

■ Recently, in Dagley v. State, Tex. Cr.App., 394 S.W.2d 179, it was held that a plea to the jurisdiction on the ground that an accused has been deprived of his constitutional right to a speedy trial is not one authorized by law. In the opinion it was also pointed out that if an accused desires an earlier trial it is incumbent upon him to request or demand the same, and, if refused, to file a petition for writ of mandamus. State ex rel. Moreau v. Bond, 114 Tex. 468, 271 S.W. 379; Goss v. State, 161 Tex.Cr.R. 37, 274 S.W.2d 697; White v.

State, 166 Tex.Cr.R. 267, 312 S.W.2d 639; Ex parte Ortega, Tex.Cr.App., 372 S.W.2d 695.

Remaining convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.

Opinion approved by the court.