**John E. O'BRYAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38735.**

Court of Criminal Appeals of Texas.

Dec. 8, 1965.

Rehearing Denied Jan. 26, 1966.

Robert C. Ferguson, Floyd H. Richards, Dalhart, William A. Dyess, Stratford, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is forgery; the punishment, 2 years.

The first count of the indictment alleged the forgery of a check drawn on First National Bank in Dalhart, dated November 5, 1960, payable to the order of E. P. Riggs in the sum of $44.50, signed Art M. Miller and endorsed E. P. Riggs.

The state's evidence was that appellant presented the check to Jerry Malone, operator of a Gulf Service Station in Dalhart, on or about November 5, 1960, in payment for repairs on an automobile and cash; that appellant identified himself as E. P. Riggs and endorsed that name on the check in the presence of Jerry Malone at the Service Station.

The check was introduced in evidence and testimony was introduced to show that it was presented to the bank on which it was drawn and was not paid because the bank had no account in the name of Art M. Miller.

The cashier of the bank testified that he knew no person named Art M. Miller. The sheriff and a deputy sheriff of Dallam County testified that they did not find a trace of a person by the name of E. P. Riggs or Art M. Miller in the county or the area.

■ The evidence is sufficient to sustain the jury's verdict finding appellant guilty of forgery of the check.

The indictment was returned January 4, 1961. The offense was alleged to have been committed and the evidence shows it was committed on or about November 5, 1960. The case was tried on May 4, 1965.

Appellant's court appointed counsel on appeal present several grounds for reversal.

■ Bill of Exception No. 1 complains of the action of the court in placing him on trial while he was on parole from a federal penal institution.

The record discloses that this claim was advanced by the appellant himself upon authority of Grant v. Guernsey, 10 Cir., 63 F.2d 163. Grant has been overruled by the circuit deciding it in Stewart v. U. S., 10 Cir., 267 F.2d 378, cert. denied sub nom. Merriman v. Stewart, 361 U.S. 844, 80 S. Ct. 97, 4 L.Ed.2d 83. Other circuits have refused to follow the Grant case. United States ex rel. Brewer v. Maroney, 3 Cir., 315 F.2d 687; Knupnick v. U. S., 8 Cir., 286 F.2d 45; Strand v. Schmittroth, 9 Cir., 251 F.2d 590; United States ex rel. Pasela v. Fenno, 2 Cir., 167 F.2d 593, cert. Dism'd, 335 U.S. 806, 69 S.Ct. 29, 93 L.Ed.2d 363.

We note further that the "certificate of mandatory release" of the appellant "as if on parole" provides in part that such certificate will not "prevent delivery of said person to authorities of any state otherwise entitled to custody."

The bill further complains of the action of the court in refusing to bring him to

trial at the time he petitioned such court to do so, but bringing him to trial some three years later. Goss v. State, 161 Tex.Cr.R. 37, 274 S.W.2d 697, is authority against this claim of error. See also 1 Branch, 2d Ed., p. 615, Sec. 648; Ex Parte Ortega, Tex.Cr. App., 372 S.W.2d 695; White v. State, 166 Tex.Cr.R. 267, 312 S.W.2d 639.

The court's qualification to appellant's bill of exception relating to the failure of the trial court to appoint counsel to defend him certifies that William A. Dyess, who represented him at the trial, was appointed by the court a month or more before the date of trial to represent the defendant.

As qualified the bill shows no error.

The judgment is affirmed.