**Ex Parte James Cleveland (Jimmy) BURGETT.**

**No. 41603.**

Court of Criminal Appeals of Texas.

Oct. 23, 1968.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order denying relief in a habeas corpus proceeding, appellant being confined in the Hunt County Jail to answer the indictment in Cause No. 9632 pending in the 8th District Court of said County charging him with the offense of assault with intent to murder.

Appellant sought release from such confinement upon the ground that more than three years had elapsed since the indictment was returned, contending that the State of Texas had waived and forfeited any right it may have had to try him under said indictment and that he had been denied his constitutional right to a speedy trial.

The trial court did not err in denying the relief prayed for.

Appellant was tried and convicted under said indictment and the conviction was affirmed by this court. Burgett v. State, Tex.Cr.App., 397 S.W.2d 79. However, the Supreme Court of the United States granted certiorari and reversed our decision. (Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319) In obedience to the decision of the Supreme Court, this court recalled its mandate of affirmance

and reversed and remanded the judgment of conviction. Burgett v. State, Tex.Cr. App., 422 S.W.2d 728.

Mandate reversing the judgment of conviction and remanding the case issued January 26, 1968. No proceeding in the nature of mandamus seeking a trial has since been instituted.

Ex Parte Ortega, Tex.Cr.App., 372 S.W. 2d 695, and Goss v. State, 161 Tex.Cr.R. 37, 274 S.W.2d 697, sustain the trial court's ruling.

The judgment is affirmed.