**James ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41628.**

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

Robt. Kirk, Littlefield, for appellant.

Jack Young, Dist. Atty., Muleshoe, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is attempting to pass, as true, a forged instrument; the punishment, five years.

Appellant challenges the sufficiency of the evidence.

Wilma Watson, an employee of J. C. "Penny's" of Littlefield, testified that ap-

pellant came into the store on the day charged in the indictment, selected some merchandise for purchase, and tendered as payment for the merchandise the check set out in the indictment. Because appellant had no identification, she called the manager, James L. Joyner, handed him the check in appellant's presence, and asked him to "okay" it.

Mr. Joyner testified that he telephoned Dallas McMurry, the alleged maker of the check, and spoke with Mrs. McMurry who told him that she did not believe her husband had signed the check. He further testified that while he was making this telephone call, appellant left the store, never to return, leaving behind both the check and the merchandise and that he, Joyner, then called the police.

Dallas McMurry testified that he lived in Littlefield all his life, that he did not have an account at the payee bank at the time the check in question was made and presented to Mr. Joyner, that he knew the appellant as a former employee, and that he did not make or sign the check in question, and had not authorized appellant to do so.

Deputy Sheriff White testified about the filing of charges against appellant after Mr. Joyner reported the incident outlined above, and of the subsequent investigation of the matter which led to appellant's apprehension in Texarkana, Arkansas.

■ Appellant's first ground of error is that he was deprived of a speedy trial. In the absence of the jury a hearing was had on appellant's motion to be discharged. The sheriff and the District Attorney testified to substantially the same facts. Appellant was arrested on July 31, 1967 upon a complaint filed in Lamb County, charging him with two other forgeries (not the one before us here), and he was brought to trial on August 25, 1967. During the trial and before the Judge directed a verdict [1] of not guilty, a complaint charging the in-

stant offense was filed and appellant was taken into custody in this case. The instant indictment was returned on November 14, 1967, and the instant trial was had on February 18, 1968.

We do not conclude from the above that appellant was denied a speedy trial.

No motion for a writ of mandamus for a speedy trial was made. In Goss v. State, 161 Tex.Cr.R. 37, 274 S.W.2d 697, we said:

"Having failed, without excuse, to avail himself of the legal remedies at his command, (appellant) may not now rely upon the State's failure to act."

■ As his second ground of error appellant asserts that there is a fatal variance between the check as alleged in the indictment and the proof. Mr. Joyner testified that after appellant attempted to pass the check he added to it the symbols and figures of which complaint is now made. Under the test set out by this Court in Anderson v. State, 144 Tex.Cr.R. 26, 161 S.W.2d 88, the matters complained of in the instant case constitute no part of the forgery relied upon. Appellant's contention is accordingly overruled. See also Whitlock v. State, 170 Tex.Cr.R. 153, 338 S.W.2d 721, and Pate v. State, 172 Tex.Cr.R. 612, 361 S.W. 2d 875.

■ In his third ground of error appellant alleges that there is a fatal variance between the indictment and the proof regarding the person to whom the check was attempted to be passed. The indictment alleges that appellant attempted to pass the check to Mr. Joyner and the evidence supports the jury's finding that such was the case. It must be remembered that one may attempt to pass a check to any number of people. Pate v. State, supra.

Finding the evidence sufficient to support the conviction, and finding no reversible error, the judgment of the trial court is affirmed.

1. The record fails to reveal the reason for such directed verdict.