**Darrell Gene JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41884.**

Court of Criminal Appeals of Texas.

March 5, 1969.

Cutler & Epps by Raymond R. Epps, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Edward B. McDonough, Jr., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is burglary with a prior conviction for burglary alleged for enhancement; the punishment, twelve years.

It is contended that the trial court erred in failing to comply with the requirements of Art. 38.22, Sec. 2, Vernon's Ann.C.C.P., as amended in 1967, by making, entering and filing its order stating his findings on the voluntariness and admissibility of appellant's oral statement.

At the conclusion of the separate hearing on the voluntariness of the oral statement, the trial court announced as shown in the transcript of the evidence that he was holding that it was admissible in evidence and he would later prepare and file an order stating his finding, which he did, and filed them among the papers of this cause in the trial court. These findings meet the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205. See Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593; Lopez v. State, Tex.Cr.App., 384 S.W.2d 345. Although such findings were later made and filed by the trial court, there appears no harm and prejudice to the appellant. Charles v. State, Tex.Cr. App., 424 S.W.2d 909; Gaston v. State, Tex.Cr.App., 435 S.W.2d 858. The contention is overruled.

Error is urged on the ground that the trial court admitted in evidence the oral statement of the appellant over his objection that the Miranda requirements for a statutory warning were not complied with.

In response to a police radio dispatch about 3 or 3:30 a. m., that someone was loading beer into a car at a drive-in grocery and ice house, Officer Griffin, on going immediately toward the ice house stopped the appellant who was driving a car at a high rate of speed in the vicinity of the ice house for running a red traffic light. He testified that there were four other persons in the car; that he could see several bottles of beer and some food in the car; and that he found a piece of metal in the front of the car which was bent and appeared to have been used to pry something.

Officer Griffin further testified that he warned the appellant at the scene where he had stopped the car that he had the right to have an attorney present to advise him either prior to or during any questions, and if he was unable to employ counsel one would be appointed for him; that he had the right to remain silent and not make any statement and that any statement he made may or probably would be used against him at a trial, and that he had the right to terminate the interview at anytime. On the way to the police station, the appellant volunteered information to Officer Griffin that some more of the property taken from the ice house was hidden in a culvert and directed the officers to the culvert where they recovered eight or ten cases of the beer.[1] Shortly thereafter, the appellant was taken before a magistrate who also gave him a warning.

The oral statement under the record was admissible in evidence. Art. 38.22, V.A. C.C.P., as amended in 1967; St. Jules v. State, Tex.Cr.App., 438 S.W.2d 568 (delivered February 19, 1969); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974.

It is contended that the trial court erred in charging the jury on the law of principals on the ground that it was not raised by the evidence.

■ Whether this contention is properly reserved for review need not be considered as the evidence reflects that the appellant and his four companions were apprehended in the car nine blocks from the ice house after running a red traffic light at a high rate of speed; that beer and food taken from the ice house were in the car; and

that a tool found in the car appeared to have been used in prying something and the testimony reveals that a door of the ice house had been pried on. This evidence was sufficient to authorize a charge upon the law of principals. No error is presented.

The appellant urges reversal on the ground that the trial court erred in refusing his motion for a mistrial after the following argument to the jury by the state's attorney:

"* * * That man (owner) is out there trying to run a business and he's trying to do the right thing and his place is broken into. And because he wasn't there to see who did it, that's no reason why this defendant should be turned loose. He was caught with the property there. He led the officers to the recovery of other property. And I have tried to—as Counsel said, this isn't—what I say is not evidence. *However, it's getting pretty close to home, as you can see, him jumping up every couple of minutes here.* (Emphasis added)

"Appellant's Attorney: I object, your Honor, to Counsel alluding to Counsel's defense of his client. I move for a mistrial.

"The Court: I overrule, and instruct the jury to disregard the last remark made by the prosecutor.

"Appellant's Attorney: Note my exception."

■ In light of the objection only that the state was alluding to counsel's defense of his client, and the prompt instruction of the court to the jury to dis-

1. The trial court made the following findings of fact:
"A short time after the defendant's arrest and the foregoing warning had been given to the defendant, the defendant, while being transported to the police station in a police car, voluntarily and not in response to any question or interrogation, told Officer Griffin about some ad-

ditional property that the defendant and his companions had taken from the business premises owned and operated by the complainant, Ray Flores, and the location where such additional property was hidden. The defendant then directed Officer Griffin to the location of such additional property."

regard the last remark made by the prosecutor, no reversible error is shown in denying the motion for mistrial. Parker v. State, Tex.Cr.App., 397 S.W.2d 853.

The judgment is affirmed.