Charles ELLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43944.

Court of Criminal Appeals of Texas.

June 23, 1971.

Lucas, Hudson & Friedman, by Thomas E. Lucas, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ed McDonough, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with a prior conviction for an offense of the same nature used for enhancement; the punishment, twelve (12) years.

Appellant's appointed counsel on appeal has filed a brief in which he presents all the contentions which he could arguably assert and has furnished the same to the appellant in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

■ Appellant has filed a lengthy pro se brief. We shall discuss such contentions as we are able to understand in his brief. He first asserts that he was not accorded a speedy trial. We find no mention of an application for a writ of mandamus, or, indeed, any request for a speedy trial. In Goss v. State, 161 Tex.Cr.R. 37, 274 S.W.2d 697, this Court said:

"Having failed, without excuse, to avail himself of the legal remedies, at his command, he may not now rely upon the State's failure to act."

See also White v. State, 166 Tex.Cr.R. 267, 312 S.W.2d 639; Ortega v. State, Tex.Cr.App., 372 S.W.2d 695; Dagley v. State, Tex.Cr.App., 394 S.W.2d 179; Parker v. State, Tex.Cr.App., 397 S.W.2d 853; and Adams v. State, Tex.Cr.App., 434 S.W.2d 866.

■ Appellant next contends that since he was indicted under Art. 63 Vernon's Ann.P.C., he could not legally be sentenced under Article 62, V.A.P.C. In Spencer v. State, Tex.Cr.App., 237 S.W.2d 990, we said:

"Absent a showing of bad faith on the part of the State in offering evidence in support of such count (paragraph) relating to the prior conviction, this Court would not feel called upon to reverse a conviction merely because the State failed to make out its case as to said count."

■ He next alleges that a prior Harris County conviction was inadmissible because he was not represented by counsel at the examining trial prior to the trial of said cause. Such contention was not advanced at trial and there is nothing to support this pro se assertion. If true, it would not vitiate the conviction. Appellant raises several other contentions in an attempt to show that the prior conviction is void. Appellant has not shown, in this record, sufficient facts to support his allegations.

■ Appellant's next ground of error relates to cross-examination of his witness, Orlando, about his use of narcotics. The only objection interposed to this question was that the witness had already answered the question.

Appellant next complains of certain remarks by the prosecutor, made during his closing argument, and asserts that these remarks constitute a comment on his failure to testify. The facts must be briefly set out in order to discuss this contention. Clifford Raines testified that his warehouse was burglarized in the evening of June 25, 1967. He received a call from the personnel who handled his burglary alarm system, and went to the warehouse. When he arrived there, he found appellant and

another man seated in a police squad car, under arrest and handcuffed.

Houston Police Officer S. E. Ginn testified that he received a call that a burglary alarm had gone off at the warehouse in question and proceeded to the scene. He stationed his trained police dog, Blitz, at a back window, and told him to sit and stay. Ginn then proceeded to the front of the building. Through a glass door, he saw appellant inside the building. Ginn fired a shot at appellant, which missed him, and appellant dropped out of sight. The officer then radioed for help. He then heard his dog bark, and he ran to the back window. At that time he saw appellant jumping out of the window, and he saw Vincent Orlando running away from the building. The dog bit appellant and stopped him, while the officer chased after Orlando. Ginn fired a shot in Orlando's direction, Orlando stopped, the officer handcuffed both parties, placed them under arrest and put them in the squad car.

On cross-examination, appellant's counsel sought to show that the officer might have actually seen Orlando in the building and Orlando jumping out of the window. He also attempted to show that the dog might have stopped any person running past him.

Appellant called Orlando as a witness. Orlando testified that he knew the appellant, that the appellant was not in the building with him, and that appellant did not take part in the burglary. He testified that he was the one in the warehouse and that Officer Ginn shot at him while he was in there. He stated that, as he jumped out the window, the dog bit and stopped him and that Officer Ginn immediately appeared and arrested him. He did not know where the appellant came from, except that he did not come from the warehouse. Orlando testified that he had been convicted of the offense, that he was guilty of the offense, and that he was confined in the penitentiary as a result of that burglary.

Appellant did not testify.

In his closing argument, appellant's counsel argued that Orlando was the sole burglar and that the dog could have just jumped on anyone that he saw in the vicinity.

In rebuttal, the State reiterated the testimony of Officer Ginn and Raines. The complained of argument is as follows:

"I call your attention specifically to the fact that when Mr. Raines got out there, who was sitting in the police car? It was this defendant, Charles Ellis, along with Orlando. There was no other explanation as to why this defendant, Ellis, happened to be out there."

■ Appellant's objection was sustained and the jury was instructed to disregard. We do not construe this argument, in the light of the above testimony, to be a comment on the appellant's failure to testify. This ground of error is overruled.

■ Appellant's final ground of error is that he was tried in jail clothes. There is nothing in the record to indicate that this allegation is true. The only thing in the record that could possibly support this contention is that, when Officer Ginn was called upon to identify appellant as the burglar, he identified him as "the man over here in the white suit." Such testimony is not sufficient to show this Court that appellant was actually dressed in jail clothes.

Finding no reversible error, the judgment is affirmed.