Curtis Lee PRATT, Appellant,

v.

The STATE of Texas, Appellee.

No. 44441.

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

A. D. Azios, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Warren White, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery by assault. The punishment was assessed by the jury at twenty years.

The record reflects that a black male pointed a gun toward an employee at the Seven-Eleven Store, No. 26, in Houston, on March 11, 1970, and demanded money and that when the attendant was taking the money from the register, another black male entered and went behind the fixtures, took nine packages of cigarettes and asked for the attendant's purse. Two dental assistants, Hazelwood and Adams, who worked at an office located to the side of said store, testified they watched four men stop beside the Seven-Eleven Store, get out of their car, walk around, get back in the car for a couple of minutes after which two of them got out, and the other two remained in the car and drove off; that one of the two who got out went into the store and the other one, identified by them as appellant, entered a phone booth for a minute or so without making a call and then entered the store. The store attendant was able to identify the first man who entered and pointed the gun toward her, but did not see the other man well enough to identify him. The two dental assistants testified the reason they watched what transpired was because the men in the car parked next to one of the attendant's automobiles and walked around it, and since her car had been broken into a short time before, their suspicion was aroused by the events they saw.

The appellant contends that the court erred in allowing appellant to be tried in a jail uniform contrary to the appellant's rights under the Constitution of the United States, and of the State of Texas, particularly, the Fourteenth Amendment of the United States. Appellant's brief states that he was brought into court "to stand trial in the above numbered and entitled Cause, while he was dressed in a white jail uniform consisting of a white shirt and white trousers marked 'Harris County Jail'." The only two references in the entire record relative to appellant's dress, in court, occurred during the testimony of Hazelwood and Adams.

During the testimony of Hazelwood, the following occurred:

"Q  Would you point that man out to the Court and jury?

"A  This one.

"Q  You're referring to the defendant in this case, seated next to his coun-

sel, Mr. Azios, the one dressed in white?

"A Yes, sir."

During the testimony of Adams, the following occurred:

"Q Would you point that person out, please?

"A The gentleman in the white overalls.

"Q You're referring to the defendant in this case, Curtis Lee Pratt?

"A Yes, I am."

Appellant relies on Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971), where the court ordered the release of petitioner or a new trial because he had been tried in a jail uniform, even though he had not raised the issue of jail clothes at the time of his trial. In Hernandez, the court said:

"We turn now to Hernandez' assertion of error because he was tried in his prison garb described as a white T-shirt with 'Harris County Jail' stamped on the front, and dungarees with the same inscription on both the front and back."

■ We note that appellant's brief recites he was dressed in the manner described in Hernandez, while the record in the case refers to appellant being dressed in "white" and in "white overalls." The record, other than appellant's brief, is devoid of any mention of jail or "Harris County Jail" appearing on the clothes he was wearing at the trial nor does it show that he was ever dressed in white shirt and white trousers. In Ellis v. State, 468 S.W.2d 406, handed down by this court June 23, 1971, it was said:

"Appellant's final ground of error is that he was tried in jail clothes. There is nothing in the record to indicate that this allegation is true. The only thing in the record that could possibly support this contention is that, when Officer Ginn was called upon to identify appellant as the burglar, he identified appellant as the burglar, he identified him as 'the man over here in the white suit.' Such testimony is not sufficient to show this Court that appellant was actually dressed in jail clothes."

Like Ellis, the record in this case does not show that appellant was dressed in jail clothes.

■ Appellant contends that the court erred in allowing Leon Tartt and Forester Jefferson to be shown together to a witness, thus suggesting to and leading witness to change her identification. The store attendant identified Tartt as the man who pointed the gun toward her. Hazelwood identified Jefferson as the first man to enter the store and upon the court permitting the state to bring Jefferson and Tartt both into the courtroom, the witness changed her testimony and identified Tartt as the first to enter the store. Adams identified Tartt as the first to enter. Both Hazelwood and Adams were positive in their identification of appellant as the man who stopped at the phone booth before entering the store. They testified they had a better opportunity to see appellant, since he was standing in the phone booth facing them. The appellant cites no authority to sustain his contention that he was harmed by the court allowing Hazelwood to correct an error of mistaken identity of another participant in the robbery. The identification of appellant was positive by Hazelwood and Adams, and they explained the reason they were able to get a better view of appellant than the other participants. We perceive no error.

The judgment is affirmed.

Opinion approved by the Court.